JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone:   (323) 979-2063
Facsimile:   (323) 488-6748

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA
**Western Division**

| | |
|---|---|
| Brittany Sellers, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>Commonwealth Financial Systems, Inc., Pendrick Capital Partners LLC and John Does 1-25,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff  Brittany Sellers ("Plaintiff" or "Sellers"), a California resident, brings this Class Action Complaint by and through her attorneys, The Law Offices of Jonathan A. Stieglitz, against Defendant Commonwealth Financial Systems, Inc. (hereinafter "Defendant Commonwealth") and Defendant Pendrick Capital Partners LLC (hereinafter "Defendant Pendrick"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for

allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION / PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws … [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* §1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* §1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* §1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C.

   § 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction

   over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2),

   as this is where a substantial part of the events or omissions giving rise to

   the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of California

   consumers under 15 U.S.C. § 1692 *et seq*., commonly known as the Fair

   Debt Collections Practices Act ("FDCPA"); and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of California, County of Los Angeles,

   residing at 803 N Detroit Street, Apt. 2, West Hollywood, CA 90046.

8. Defendant Commonwealth is a "debt collector" as the phrase is defined in

   15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address at 245

   Main Street, Dickson City, PA 18519.

9. Defendant Pendrick is a "debt collector" as the phrase is defined in 15

   U.S.C. § 1692(a)(6) and used in the FDCPA, with an address at 1714

   Hollinwood Drive, Alexandria, VA 22307.

10. Upon information and belief, Defendant Commonwealth is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Upon information and belief, Defendant Pendrick is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The class consists of:

   a. all individuals with addresses in the State of California;

   b. to whom Defendant Commonwealth sent a collection letter attempting to collect a debt;

   c. whose letter states that Defendant Pendrick will not sue the consumer;

- 4 -

d.  without clearly stating that the consumer could no longer be sued by any party;

e.  Additionally the letter fails to disclose that the previously-lapsed statute of limitations to file a lawsuit to collect the debt will recommence upon payment;

f.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members.  The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit "A", violates 15 U.S.C. § 1692e.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this Complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit "A" violate 15 U.S.C. §1692e.

c. **<u>Typicality:</u>**  The Plaintiff's claims are typical of the claims of the class members.  The Plaintiff and all members of the Plaintiff class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>**  The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members.  The Plaintiff is committed to vigorously litigating this matter.  Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions.  Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority</u>**:  A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting

an individual member, and a class action is superior to other available

methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery,

Plaintiffs may, at the time of class certification motion, seek to certify a

class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## <u>FACTUAL ALLEGATIONS</u>

22. Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein with the same force and effect as if

the same were set forth at length herein.

23. Some time prior to September 13, 2017, an obligation was allegedly

incurred to Coastline Emergency Physicians.

24. The Coastline Emergency Physicians obligation arose out of a transaction

involving Plaintiff's receipt of medical treatment making the subject of the

transaction primarily for personal, family or household purposes.

25. The alleged Coastline Emergency Physicians obligation is a "debt" as

defined by 15 U.S.C. 1692a(5).

26. Due to her financial constraints, Plaintiff could not pay the alleged debt,

and it went into default.

27. Sometime thereafter, Defendant Pendrick, a debt buyer and debt collector,

purportedly purchased the alleged debt.

28. Defendant Pendrick, a subsequent owner of the Coastline Emergency Physicians debt, contracted with Defendant Commonwealth to assist it in collecting the alleged debt.

29. Defendant Commonwealth and Defendant Pendrick collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – September 13, 2017 Collection Letter*

30. On or about September 13, 2017, Defendant Commonwealth sent Plaintiff an initial collection letter (the "Letter") regarding the alleged debt owed to Defendant Pendrick.  See a true copy of the Letter attached hereto as Exhibit A.

31. The very bottom of the Letter states in part: "The law limits how long you can be sued on a debt. Because of the age of your debt, Pendrick Capital Partners will not sue you for it."

32. The alleged debt is time-barred, meaning Defendant Pendrick cannot sue Plaintiff.

33. The Letter implies that Defendant Pendrick has chosen not to sue ("will not sue you"), instead of the true fact that neither Defendant Pendrick, nor Defendant Commonwealth, nor any subsequent creditor/collector can file a lawsuit.

34. The statement contained in Defendant Commonwealth's Letter is materially deceptive to the unsophisticated consumer, who would believe that Defendant Pendrick or a subsequent creditor has the option to change its mind should he/she not pay the alleged debt.

35. Moreover, the Letter is completely silent as to the rights of the debt collector, Defendant Commonwealth, to file a lawsuit against the consumer.

36. Finally, the Letter is materially deceptive as it fails to disclose that the previously-lapsed statute of limitations to file a lawsuit to collect the debt will recommence upon payment by Plaintiff.

37. Defendants made deceptive and misleading representations when they communicated to Plaintiff that Defendant Pendrick was opting not to sue Plaintiff when, in fact, it was not permitted to sue as a matter of law in violation of §§1692e, 1692e(2), 1692e(5) and 1692e(10).

38. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e *et seq.*

39. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

40. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

41. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt.

42. Defendants made deceptive and misleading representations when they communicated to Plaintiff that Defendant Pendrick was choosing not to sue Plaintiff when, in fact, it was not permitted to sue as a matter of law, in violation of §§1692e, 1692e(2), 1692e(5) and 1692e(10).

43. Further, Defendants failed to advise that any payment made on the debt by Plaintiff would restart the statute of limitations for bringing a lawsuit.

44. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e *et seq.* of the FDCPA and for actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

45. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Brittany Sellers, individually and on behalf of all others similarly situated demands judgment from Defendant Commonwealth Financial

- 11 -

Systems, Inc. and Defendant Pendrick Capital Partners, LLC as follows:

1.    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Jonathan A. Stieglitz, Esq. as Class Counsel;

2.    Awarding Plaintiff and the Class statutory damages;

3.    Awarding Plaintiff and the Class actual damages;

4.    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.    Awarding pre-judgment interest and post-judgment interest; and

6.    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  August 29, 2018                          Respectfully Submitted,

                                                THE LAW OFFICES OF
                                                JONATHAN A. STIEGLITZ

                                    By:         /s/ Jonathan A Stieglitz
                                                Jonathan A Stieglitz